**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZHAOYANG CHEN,

         Petitioner,

v.

WILLIAM P. BARR, Attorney General,

         Respondent.

No.   15-73269

Agency No. A087-829-269

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2019[**]
Pasadena, California

Before: CALLAHAN and CHRISTEN, Circuit Judges, and WU,[***] District Judge.

Petitioner Zhaoyang Chen seeks review of a Board of Immigration Appeals

(BIA) decision denying Ms. Chen's applications for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition. Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

"Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)). We review factual findings, including adverse credibility determinations, for substantial evidence. *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).

Under the REAL ID Act of 2005, adverse credibility determinations are based on "the totality of the circumstances, and all relevant factors," including "the demeanor, candor, or responsiveness of the applicant," or "the consistency" of the applicant's statements. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "[T]he REAL ID Act requires a healthy measure of deference to agency credibility determinations" because immigration judges (IJs) "are in the best position to assess demeanor and other credibility cues that we cannot readily access on review," *id.* at 1041, so long as

2

the IJ provides "a specific cogent reason for the adverse credibility finding." *Id.* at 1042 (quoting *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002)).

The adverse credibility determination against Ms. Chen is supported by substantial evidence. The IJ detailed several specific reasons supporting an adverse credibility determination, including "discrepancies between [Ms. Chen's] documents and herself," "her demeanor and the way she testified," conflicts between her testimony to the asylum officer and to the IJ, and "the lack of plausible or persuasive explanations" for the inconsistencies or failure to obtain certain documents. The IJ described several inconsistencies in both Ms. Chen's documentation and testimony, including her testimony about two "diversely different birth control methods" before the asylum officer and the IJ, her changing testimony about her mother being sterilized, and her "generally . . . vague" testimony. Ms. Chen was unable to explain to the IJ why she apparently could not recall her mother's alleged sterilization, about which she had previously given details to the asylum officer, including the date, the reasons for the sterilization, and how it had impacted her. Further, the IJ determined that Ms. Chen's explanations were "simply unpersuasive and in fact implausible," including that she had lost all of her original documents except her passport, yet made no attempts to replace them, that she did not remember any of her testimony to the

3

asylum officer, and that she had been unprepared for her asylum interview, when she was represented by counsel and had two interpreters.

We are likewise unpersuaded by Petitioner's argument that the BIA misapplied *Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011). *Ren* applies when an IJ finds an applicant credible but determines that the applicant's testimony alone is insufficient to meet the burden of proof. *Id.* at 1091. In those circumstances, *Ren* requires that the IJ give the applicant notice of what corroborating evidence is necessary and an opportunity to produce the evidence or explain why it is not reasonably available. *Id.* at 1093. *Ren* has no application when, as here, the IJ determines that, despite some corroborating evidence, the Petitioner lacks credibility.

In light of the agency's adverse credibility determination, Petitioner failed to meet her burden of establishing eligibility for asylum, withholding of removal, or protection under the CAT. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION DENIED.**